

FILED

08/10/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0310

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0310

_____

CLINTON TODD SPROLES,

    Petitioner,

v.

STATE OF MONTANA,

    Respondent.

ORDER

AUG 1 0 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

By *pro se* petition filed July 14, 2014, Clinton Todd Sproles petitions for rehearing on our July 6, 2021 decision affirming the May 2020 judgment of the Montana Second Judicial District Court, Silver Bow County, denying his February 2020 petition for postconviction relief (PCR) from his December 2017 conviction for felony Driving Under the Influence in violation of § 61-8-401, MCA. Sproles cursorily asserts that the procedural bar of § 46-21-105(2), MCA, is unconstitutional as applied to his Ineffective Assistance of Counsel (IAC) claim that his appellate counsel in *State v Sproles (Sproles I)*, 2019 MT 197N, 397 Mont. 55, 455 P.3d 44, was constitutionally ineffective due to failure to assert on direct appeal that he was illegally sentenced based on a procedurally untimely persistent felony offender notice under § 46-13-108(1), MCA.

Rehearing on direct appeal is available only upon a supported showing that this Court overlooked a fact material to our prior decision, an asserted issue that would have been decisive in the appellant's favor, or our prior decision conflicts with a controlling statute or decision not addressed therein. M. R. App. P. 20(1). Here, our prior decision reflects that Sproles timely raised his subject appellate counsel IAC claim in his October 2019 PCR petition, but then failed to raise that issue in his subsequent *pro se* appeal of the denial of the petition. *Sproles I*, ¶¶ 4-5. This is precisely the type of successive piecemeal postconviction challenge that § 46-21-105(2), MCA ("[a]ll grounds for [PCR] . . . must be

raised in the [petitioner's] original or amended petition"), was enacted to prohibit. Sproles has already had an opportunity for appellate review of the denial of his appellate counsel IAC claim. Section § 46-21-105(2), MCA, prohibits another, and M. R. App. P. 20(1) further prohibits his first-time challenge of the constitutionality of § 46-21-105(2), MCA, on a petition for rehearing on a direct appeal in which he failed to raise the underlying claim in the first instance.[1] Therefore,

IT IS ORDERED that Sproles's Petition for Rehearing is DENIED.

The Clerk shall provide a copy of this Order to counsel of record and to Clinton Todd Sproles personally.

DATED this 10th day of August, 2021.

_____
Chief Justice

_____
_____
_____
_____
Justices

---

[1] We note further that Sproles's cursory constitutional challenge is substantively deficient in any event.